IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 98-30388
Summary Calendar

James Gautreaux

                                        Plaintiff-Appellant,

                    versus

Anne Lauderdale; et al

                                        Defendants,

Unidentified Party: United States
of America

                                        Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
(97-CV-2789-D)

December 8, 1998

Before HIGGINBOTHAM, JONES and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Gautreaux appeals the district court's grant of a motion to
dismiss in favor of the United States. We affirm.

    Gautreaux filed a lawsuit in state court against Anne
Lauderdale alleging libel, slander and invasion of privacy.

---

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gautreaux and Lauderdale were both employees of the United States Army Corps of Engineers-- New Orleans District. Shortly before the state trial, the U.S. Attorney certified that Lauderdale, an employee of the United States, was acting within the scope of her employment. Pursuant to the Westfall Act, the United States, the appellee in this action, was substituted for the federal employee as a party defendant. 28 U.S.C. §§ 2671-80.

The United States removed the case to federal district court. The district court properly denied Gautreaux's motion to remand. Under subpart (d)(2) of the Westfall Act remand is not permitted, where, as here, an action is brought in state court against the federal employee and the Attorney General certifies scope, the action "shall be removed", "the United States shall be substituted", and the "certification ... shall conclusively establish scope ... for purposes of removal." Garcia v. United States, 88 F.3d 318, 322 (5th Cir. 1996). After reviewing the certification under Louisiana law, the district court ruled that Lauderdale was acting within the course and scope of her federal employment. Specifically, the district court agreed with the United States that Lauderdale's conduct constituted "whistleblowing" and was within her scope of employment. Therefore, the district court denied Gautreaux's motion to remand and granted the United States' motion to dismiss on sovereign immunity grounds.

This court conducts a de novo review of an Attorney General's certification of scope of employment. Garcia, 88 F.3d at 320-21.

We, like the district court, give no judicial deference to the Attorney General's findings. Williams v. United States, 71 F.3d 502, 505-06 (5th Cir.1995). Nonetheless, the burden of proof lies with the plaintiff to show that the Attorney General's initial decision was incorrect. Palmer v. Flaggman, 93 F.3d 196, 199 (5th Cir. 1996).

Under Louisiana law, an employee's conduct is within the course and scope of her employment if the conduct is of the kind that she is employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by purpose to serve her employer. Orgeron v. McDonald, 639 So.2d 224, 226-27 (La. 1994). The following factors are used by Louisiana courts in assessing whether an employee's conduct is within the scope of her employment:

(1) whether the tortious act was primarily employment rooted;

(2) whether the conduct was reasonably incidental to the performance of the employee's duties;

(3) whether the act occurred on the employer's premises; and

(4) whether it occurred during the hours of employment.

Baumeister v. Plunkett, 673 So.2d 994, 996-997 (La. 1996) All four of these factors do not need to be met before liability may be found. Id. at 997. Instead, the particular facts pertaining to Lauderdale's actions must be analyzed to determine whether her conduct was within the scope of her employment. Id.

The Government claims that Lauderdale's alleged actions of invasion of privacy and libelous or slanderous communication

3

constituted "whistleblowing" activity authorized by Congress. According to Section 2302 of Title 5 of the United States Code, any employee who has authority to take personnel action, like Gautreax, shall not threaten to take a personnel action against another employee for a disclosure of information which the second employee reasonably believes evidences gross mismanagement or an abuse of authority. 5 U.S.C. § 2302(b)(8)(A)(ii).

In this case, after retrieving some notes from Gautreaux's desk while he was on vacation, Lauderdale reported what she believed was an abuse of authority by Gautreaux when she disclosed his notes about an employee survey. Among other comments, Gautreaux's notes stated, "From here on, when I ask for some work 3 times & I don't get it, people are going to be miserable." The Government maintains that Lauderdale's disclosure of an abuse of power by a federal employee is attributable to the business of the federal government.

In contrast, Gautreaux argues that Lauderdale's act of invasion violated Army regulations and was done purely out of animosity. Furthermore, Gautreaux claims that Lauderdale's act does not constitute whistleblowing because he did not make "retaliatory threats" as defined by 5 U.S.C. § 2302. Gautreaux, however, bears the burden of proof to show that the Attorney General's initial decision was incorrect. Palmer, 93 F.3d at 199.

After reviewing Gautreaux's claims and the facts of this case, we agree with the district court that Gautreaux has failed to carry his burden of proof. Applying the four Louisiana scope of

4

employment factors, we find that Lauderdale's conduct was primarily employment rooted because the whistleblowing disclosure was attributable to the federal government's business of maintaining control over its employees. In addition, the conduct was closely related in time and place as it occurred during work hours at the Corps' office. Accordingly, the judgment of the district court is AFFIRMED.